UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

EDWARD A. WALKER ]
    Plaintiff, ]
]
v. ] No. 1:12-0176
] JUDGE HAYNES
FLOYD SEALLY, et al. ]
    Defendants. ]

## MEMORANDUM

Plaintiff, Edward A. Walker, an inmate at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants Floyd Seally and Enoch George in their official and individual capacities. Plaintiff seeks damages arising from his conditions of confinement at the Maury County Jail.

According to his complaint, Plaintiff alleges the lack of adequate medical care at the Maury County Jail. Plaintiff also alleges that the medical staff at the jail lacks adequate supply of the medication necessary to control his high blood pressure. Plaintiff further alleges the denial of dental care for a wisdom tooth as well as the distribution of medications to the inmates by corrections officers.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972), but a *pro se* Plaintiff must plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The

Plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

Based upon the allegations, the Court concludes Plaintiff's complaint state potential claims for relief as suggestive of a county policy or practice to deny him necessary medications.

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

EDWARD A. WALKER ]
    Plaintiff, ]
]
v. ] No. 1:12-0176
] JUDGE HAYNES
FLOYD SEALLY, et al. ]
    Defendants. ]

## ORDER

Before the Court is a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Docket Entry No. 2).

It appears from the application that the Plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum filed herewith, Plaintiff states a colorable action and process shall issue.

The Clerk is directed to send a copy of this order to the Sheriff of Maury County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

ENTERED this the 28 day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief District Judge